UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, | : |
|  | : Civil Action No. 1:15-cv-04626 |
| Plaintiff, | : |
| v. | : District Judge |
|  | : Magistrate Judge |
| HTC CORPORATION and | : |
| HTC AMERICA, INC., | : |
|  | : |
| Defendants. | : |
|  | x |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Advanced Video Technologies LLC, for its complaint, hereby alleges as follows:

**PARTIES**

1. Advanced Video Technologies LLC ("AVT"), is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Road, Suffern, New York 10901-3740.

2. Defendant HTC Corporation ("HTC"), is a corporation organized and existing in Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China.

3. HTC America, Inc. is incorporated under the laws of the State of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

4. The Defendants individually and/or collectively and/or through their respective subsidiaries have engaged in the design, manufacture, importation into the United States, sale after importation, and marketing of mobile communication devices, and are herein collectively referred

to as the HTC Entities with at least HTC Corporation directly or indirectly exercising control or direction over one or more HTC Entities.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

7. Personal jurisdiction over HTC exists because HTC has committed the acts of patent infringement alleged in this Complaint in this forum and has minimum contacts with this forum by way of at least the sale or importation of mobile communication devices and/or other products in this district either directly or through distributors or retailers, or by placing their products within the stream of commerce, which is directed at this forum.

## BACKGROUND AND PROCEDURAL HISTORY

8. United States Patent No. 5,781,788 ("the '788 Patent"), entitled "Full Duplex Single Chip Video Codec," was duly and lawfully issued on July 14, 1998, based upon an application filed by the inventors, Beng-Yu Woo, Xiaoming Li, and Vivian Hsiun. A copy of the '788 Patent is attached as Exhibit A.

9. The United States Patent and Trademark Office ("PTO") issued a Reexamination Certificate on January 8, 2008 for the '788 Patent. A copy of the Reexamination Certificate is attached as Exhibit B.

10. On September, 22 2011, AVT, claiming ownership of the '788 patent, filed suit against HTC alleging patent infringement of the '788 Patent. (*see* Case 1:11-cv-06604-CM-RLE [Dkt. No. 1]).

11. On July 24, 2012, the case was consolidated with Case 1:11-cv-08908-CM (Defendant Blackberry Limited ("Blackberry") and Case 1:12-cv-00918-CM-HBP (Defendant ("Motorola Mobility")).

12. On December 3, 2014, Defendant, along with Motorola and Blackberry, filed a motion to dismiss based on a lack of standing. (*see* Case 1:11-cv-06604-CM-RLE [Dkt. No. 100]).

13. By Order dated April 28, 2015, the Court granted the Defendants' joint motion to dismiss for lack of Standing based on a failure to transfer ownership rights in the '788 patent to Epogy Communications Inc. ("Epogy"). A copy of the Court's Memorandum Decision and Order is attached as Exhibit C. (Case 1:11-cv-06604-CM-RLE [Dkt. No. 165]).

14. On May 1, 2015, AVT applied to the Court of Chancery of the State of Delaware for the appointment of Receiver for AVC Technology, Inc. ("AVC") in order to complete the transfer of ownership of the '788 Patent to AVT. A copy of the petition is attached as Exhibit D.

15. On May 13, 2015, the Court of Chancery of the State of Delaware granted AVT's petition appointing a Receiver for the dissolved company, AVC. The Receiver was "for the sole purpose of transferring any ownership interest that AVC may have in U.S. Patent No. 5,781,788 ('the 788 Patent')." A copy of the court's Order is attached as Exhibit E.

16. On June 5, 2015, the Receiver executed an Assignment that transferred all rights, title and interests, including the right to collect past damages, in the '788 Patent from AVC to AVT. A copy of the assignment is attached as Exhibit F.

## CLAIM FOR RELIEF

### Infringement of United States Patent No. 5,781,788

17. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

18. AVT is the assignee and the owner, which holds all rights, title, and interest in and to the '788 Patent, and has the right to sue and recover damages for past infringement thereof.

19. HTC is and has been engaged in the marketing and sale of mobile communication devices in the United States generally and in the Southern District of New York.

20. HTC's mobile communication devices have the ability to capture video and contain a single chip video codec that compresses and decompresses video information.

21. Specifically, the HTC Entities import, sell, and offer to sell mobile communication devices and tablet computers, including but not limited to the HTC Touch Pro, HTC Hero, HTC Touch2, HTC Touch Diamond2, HTC Magic, Dopod U1000, and HTC Touch Diamond CDMA (P3051) ("Accused Products"), which all have the ability to capture video and contain a single chip video codec that compresses and decompresses video information.

22. HTC is in violation of 35 U.S.C. § 271(a) and has infringed literally or under the doctrine of equivalents at least claim 13 of the '788 Patent directly by at least importing, selling, and offering to sell the above-referenced mobile communication devices to the general public and retailers, including but not limited to Verizon Wireless, Sprint, T-Mobile, AT&T, and Metro PCS. AVT is entitled to damages for the six years prior to the filing date of this lawsuit, except for the number of days that has passed between the date the '788 Patent expired and the filing date of this case.

23. HTC is in violation of 35 U.S.C. §§ 271(b), (c) and has infringed indirectly at least claim 13 of the '788 Patent by knowingly and specifically intending to induce and/or contribute to

infringement by others, including but not limited to end users and retailers such as Verizon Wireless, Sprint, T-Mobile, AT&T, Metro PCS, Best Buy, and Radio Shack, by the sale of at least the above-referenced mobile communication devices to others. The acts of inducement include, for example, advertisement and instructions to use the above-referenced mobile communication devices to record and/or playback video.

24. HTC's acts of infringement of the '788 Patent occurred with knowledge of the '788 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

25. AVT has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, AVT requests that the Court find in its favor and against HTC, and demands judgment as follows:

A. An order adjudging HTC to have infringed the '788 Patent;

B. An award of damages adequate to compensate AVT for the infringement by HTC along with prejudgment and post-judgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

C. A declaration that this is an exceptional case and an award of AVT's reasonable attorney fees and expenses pursuant to the provisions of 35 U.S.C. § 285;

D. An award of AVT's costs; and

E. Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), AVT hereby demands a jury trial on all issues so triable raised in this action.

                                                              Respectfully submitted,

Dated:   __June 15, 2015__             /s/ *Robert W. Morris*
                                                             Robert W. Morris (RWM 2268)
                                                             rwmorris@eckertseamans.com
                                                             Thomas M. Smith (TMS 9962)
                                                             tsmith@eckertseamans.com
                                                            **Eckert Seamans Cherin & Mellott, LLC**
                                                             10 Bank Street
                                                             White Plains, New York 10606
                                                             Phone: 914-286-6440
                                                             Fax: 914-949-5424

                                                            *Attorneys for Plaintiff*
                                                            *Advanced Video Technologies LLC*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)**

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, plaintiff Advanced Video Technologies, LLC is not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject. However, the patent at issue in this case was the subject matter in the following:

- *Advanced Video Technologies LLC v. Pure Digital Technology, Inc.*, Civil Action No. 1:08-cv-03627 (S.D.N.Y. filed April 16, 2008) — Settled and dismissed

- *Advanced Video Technologies LLC v. Thomson Inc.*, Civil Action No. 1:09-cv-03527 (S.D.N.Y. filed April 7, 2009) — Settled and dismissed

- *Advanced Video Technologies LLC v. Audiovox Corporation, Audiovox Electronics Corporation*, Civil Action No. 1:09-cv-04516 (S.D.N.Y. filed May 17, 2009) — Settled and dismissed

- *Advanced Video Technologies LLC v. Casio America Inc., Casio Computer Co., LTD,* Civil Action No. 2:09-cv-05220 (D.N.J. filed October 13, 2009) — Settled and dismissed

- *Advanced Video Technologies LLC v. Aiptek, Inc. USA et al.,* Civil Action No. 1:10-cv-09013 (S.D.N.Y. filed December 2, 2010) — Settled and dismissed

- *Advanced Video Technologies LLC v. HTC Corporation et al.,* Civil Action No. 1:11-cv-6604 (S.D.N.Y. filed September 22, 2011) — Dismissed

- *Advanced Video Technologies LLC v. Motorola Mobility LLC,* Civil Action No. 1:12-cv-00918 (S.D.N.Y. filed January 6, 2012) — Dismissed

- *Advanced Video Technologies LLC v. Research in Motion Ltd. et al.,* Civil Action No. 1:11-cv-8908 (S.D.N.Y. filed December 6, 2011) — Dismissed

Dated:      June 15, 2015          /s/ *Robert W. Morris*
                                   Robert W. Morris (RWM 2268)
                                   rwmorris@eckertseamans.com
                                   Thomas M. Smith (TMS 9962)
                                   tsmith@eckertseamans.com
                                   **Eckert Seamans Cherin & Mellott, LLC**
                                   10 Bank Street
                                   White Plains, New York 10606
                                   Phone: 914-286-6440
                                   Fax: 914-949-5424

                                   *Attorneys for Plaintiff*
                                   *Advanced Video Technologies LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, : | |
| : | Civil Action No. |
| Plaintiff, : | |
| v. : | District Judge |
| : | Magistrate Judge |
| HTC CORPORATION and : | |
| HTC AMERICA, INC., : | |
| : | |
| Defendants. : | |
| X | |

## RULE 7.1 DISCLOSURE STATEMENT OF
## PLAINTIFF ADVANCED VIDEO TECHNOLOGIES LLC

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for plaintiff certifies that Advanced Video Technologies LLC is a privately held company without parent corporations and that no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

Dated:  ___June 15, 2015___        /s/ *Robert W. Morris*
Robert W. Morris (RWM 2268)
rwmorris@eckertseamans.com
Thomas M. Smith (TMS 9962)
tsmith@eckertseamans.com
**Eckert Seamans Cherin & Mellott, LLC**
10 Bank Street
White Plains, New York 10606
Phone: 914-286-6440
Fax: 914-949-5424

*Attorneys for Plaintiff*
*Advanced Video Technologies LLC*

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D

# EXHIBIT E

# EXHIBIT F