

Eckert Seamans Cherin & Mellott, LLC   TEL   914 949 2909
10 Bank Street                          FAX   914 949 5424
Suite 700                               www.eckertseamans.com
White Plains, NY 10606

Robert W. Morris
Direct: 914-286-6440
E-Mail: rwmorris@eckertseamans.com

June 8, 2018

**VIA CM/ECF**

The Honorable Colleen McMahon
United States District Court for the Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

    Re:    Advanced Video Technologies LLC v. HTC Corporation et al., No. 15-cv-4626
           Advanced Video Technologies LLC v. Blackberry Ltd. et al., No. 15-cv-4631
           Advanced Video Technologies LLC v. Motorola Mobility, No. 15-cv-4632

Dear Judge McMahon:

    I represent Plaintiff-Appellant Advanced Video Technologies LLC ("AVT") in the above referenced civil actions. I write to request an extension of time, if necessary, to respond to the Defendants' motions requesting additional attorneys' fees in their respective cases.

    The circumstances of this request are extreme. As shown in **Exhibits A-D** of the attached Declaration of Robert W. Morris, my home was recently damaged by two trees, one of which created a large hole in the roof of my home, the second of which destroyed my wife's vehicle. My wife's vehicle has been totaled by the insurance agency, and our home is currently unsafe to occupy and has been temporarily condemned by the City of New Rochelle. The falling trees also ripped down all utility cables between the house and the telephone pole, so we no power or internet access until those services were restored.

    During this time, I've had to search for temporary living quarters for myself, my wife, and our three children. Additionally, I have been in communications with the City of New Rochelle to remove the trees from my property, and with the insurance company to determine the logistics and costs of repair to my home, with the utility providers to restore those services, as well as structural engineers, architects, and general contractors.



At the same time that all this was occurring, Defendants filed their motions for additional attorneys' fees in the above referenced civil actions (as well as their Bills of Costs). Largely, the motions for fees request this Court to reconsider its previous decision granting attorneys' fees under § 285, and allege that this Court has the authority to grant attorneys' fees from prior litigation between AVT and Defendants under Rule 41(d) of the Federal Rules of Civil Procedure.

It is unclear whether the Defendants' motions are in fact new motions, or rather are motions for reconsideration of the amount that this Court previously awarded in attorneys' fees from AVT to Defendants (in which case a response would only be allowed by AVT if this Court were to request it). Accordingly, in the abundance of caution, AVT requests that if this Court deems these to be new motions, to which a response would be required, that this Court grant AVT's request for an extension of time to respond.

While these motions have been pending, I had only limited access to the Internet at my home, and had been largely absent from my office, only returning to work full time during the week beginning June 4, 2018. In addition, while I have been the lead attorney on all of the AVT matters, Thomas Smith, the other partner who works on these cases, was preparing for trial, which was conducted from May 31, 2018 to June 1, 2018 before Judge Scarpulla in the Commercial Divison of the Supreme Court, New York County (and which obviously demanded extensive time for preparation prior to the start of trial).

Unfortunately due to this personal disaster and Mr. Smith's trial, we were unable to prepare a response to Defendants' pending motions (if one is actually due – depending on whether the motions are, in effect, motions for reconsideration of the Court's previous award). Now that I have returned to my office, and if a response if due, we ask that Your Honor grant AVT an extension to file a response to the pending motions, to be due Friday, June 15, 2018.

As per your Individual Practices and Procedures, I affirm that the original deadline for a response would have been Monday, June 4, 2018 (again, if the motions are not considered motions for reconsideration of the Court's previous award). I also affirm, on behalf of AVT, that we have never before requested an adjournment or extension of time in any of the above referenced civil actions; as such no such request has been granted nor denied. AVT approached counsel for Defendants via email on Wednesday, June 6, 2018 requesting their consent to the extension of time. Defendants' response was: "In light of the overall circumstances, Defendants will not oppose nor consent to AVT's motion for an extension until 6/15."[1] The

---

[1] AVT finds Defendants' failure to provide consent troubling. Defendants have requested extensions three times during the pendency of these litigations (including the appeals). Each time AVT consented to the request, even when one of these requests was based, in part, on time to celebrate a cultural holiday. There is no prejudice to Defendants, as all of the cases are dismissed.



requested extension does not affect any other scheduled dates, except that the Defendants' subsequent Reply briefs in further support of their pending motions would not be due until Wednesday, June 20, 2018 at the latest (assuming AVT does not file the response before the proposed extended deadline of June 15, 2018).

Based on the foregoing, I sincerely apologize for any inconvenience, and an extension of time to respond to the pending motion to June 15, 2018 is respectfully requested.

Respectfully submitted,

/s/ Robert W. Morris

Robert W. Morris

cc: All Counsel (Via ECF/E-Mail)

ATTACHMENTS:

Declaration of Robert W. Morris with Exhibits A-D
Declaration of Thomas M. Smith